REGAN, Judge.
Plaintiff, Charles E. Cabibi, an attorney, instituted this suit against the defendant, Charles H. Tusa, owner and operator of the Royal Cut Rate Pharmacy, located in the City of New Orleans, endeavoring to recover the sum of $1,000, as an attorney’s fee for representing the defendant in connection with a narcotics indictment in the United States District Court and an investigation of the defendant’s income by the United States District Director of Internal Revenue.
The defendant answered and admitted that the plaintiff had performed some services in connection with the above matters but asserted that he had paid the plaintiff $500 therefor and that to terminate the narcotics and income tax cases defendant was compelled to employ another attorney to represent him therein.
From a judgment in favor of the plaintiff in the sum of $750, defendant has prosecuted this appeal; plaintiff answered the appeal and requested that the award be increased to $1,000.
The record reveals that in February 1953 the defendant consulted the plaintiff when an agent of the Federal Bureau of Narcotics was examining the prescription records of his drug store. At the suggestion of the defendant, Murray Cleveland, attorney for the Louisiana State Pharmaceutical Association, was requested to act *794 as co-counsel in the case, and the retainer fee agreed upon was $500, of which plaintiff received $300 and Cleveland $200.
The defendant subsequently was indicted on a charge of violating the Narcotics Act with respect to filling 266 narcotic prescriptions, and until shortly after the case was set for trial in December 1955 the plaintiff engaged in innumerable consultations with the defendant and rendered other services incidental thereto. However, when defendant received a notice of trial, he employed Richard A. Dowling, a specialist in the field of criminal law, to represent him and simultaneously requested that the plaintiff withdraw from the case.
In July of 1954, the District Director of Internal Revenue began an investigation of defendant’s income tax returns, and plaintiff also represented the defendant in numerous conferences with the agents thereof during the years of 1954, 1955 and 1956. In the course of these conferences, plaintiff suggested that a certified public accountant be employed by the defendant to prepare statistics in support of the protest of the assessment of additional income taxes for the years 1949-1952.
When the defendant had succeeded in employing Richard A. Dowling to defend him in the narcotics case, he asked that the plaintiff withdraw from the income tax case also.
Plaintiff testified that he sent two statements to the defendant, one in the amount of $250 representing an additional charge for services rendered in connection with the narcotics case and one for $750 for the income tax case.
Murray Cleveland appeared on behalf of plaintiff and in substance testified that he was familiar with the services rendered to defendant by plaintiff and in his opinion the amount of these fees was reasonable and proper.
The defendant in the course of the trial asserted that he did not think that the plaintiff had handled the narcotics case properly and that the income tax investigation was provoked by the narcotics indictment; therefore he was of the opinion that plaintiff in accepting $300 from him had been “fully paid.”
Richard A. Dowling, in testifying on behalf of the defendant, expressed the opinion that the monies already received by plaintiff from defendant as a fee was sufficient and should constitute full payment for professional services rendered.
The only question posed for the trial court’s consideration was one of fact, and that was whether the fees charged were reasonable and proper under the circumstances set forth hereinabove. After hearing the testimony, the trial judge concluded' that the plaintiff was entitled to recover from the defendant for services rendered the additional sum of $750. Our analysis of the record convinces us that the result which he reached is correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent.